THE STATE OF KANSAS v. W. A. WOODROW.

No. 10350.

FORGERY—*Information—Fatal Variance.* An information for forgery in the third degree, drawn under section 135 of the crimes act (¶ 2272, Gen. Stat. 1889), described the destroyed instruments by their purport as two certain promissory notes, one made by "J. S. Reppy" for $80, and the other by "J. L. Cecil" for $75; but the proof was that the $80 note was made by J. I. Rippey, and the $75 note by J. S. Cecil, and that $4 had been paid and credited on the latter. No evidence was offered tending to show the identity of "J. S. Reppy" with J. I. Rippey, nor that of "J. L. Cecil" with J. S. Cecil, and objection as to these variances was duly and seasonably urged, but no application was made to amend the information. *Held,* That the variances, being in no way cured, were fatal.

*Appeal from Reno District Court.*

W. A. WOODROW, convicted of forgery, appeals. The opinion, filed December 7, 1895, contains a sufficient statement of the case.

*Rose & Roberts*, for appellant.

*F. B. Dawes*, attorney general, *L. M. Fall*, county attorney, and *C. M. Williams*, for The State.

The opinion of the court was delivered by

MARTIN, C. J. : At March term, 1895, the defendant was convicted of forgery in the third degree, and sentenced to imprisonment in the penitentiary for a term of two years, under section 135 of the crimes act (¶ 2272, Gen. Stat. 1889), the offense being accomplished by burning and totally destroying and obliterating two certain promissory notes, one of them alleged in the information to have been made by one J. S. Reppy for $80, payable to the defendant, W. A. Woodrow, or order, and by him indorsed and delivered to Sarah E. Charles, and the other made by J. L. Cecil for $75, payable to said defendant, or order, and by him indorsed and delivered to said Sarah E. Charles. The instruments were described in the information only by their purport, it being alleged that the tenor could not be set out by reason of the destruction and obliteration aforesaid. A motion to quash the information on the ground of vagueness and uncertainty as to the instruments destroyed was overruled. On the trial it was shown that the maker of the $80 note was "J. I. Rippey," and that the maker of the $75 note was "J. S. Cecil," and that $4 had been paid and credited on it. Upon the close of the evidence for the state, the defendant moved the

court to instruct the jury to return a verdict of not guilty, said motion being based principally upon the variances between the allegations and the proofs, which were specifically stated in the motion ; but this was overruled, and after all the evidence had been introduced the defendant asked an instruction to the same effect on like grounds, but this was refused. No evidence was offered tending to show the identity of "J. S. Reppy" with "J. I. Rippey," nor that of "J. L. Cecil" with "J. S. Cecil," and no application was made to amend the information. It will be observed that the Christian names were indicated only by initials.

Under the authorities, the variance between the allegations and the proofs was fatal, and nothing was done or attempted to cure the mistakes of the prosecutor in drawing the information. In *Porter v. The State*, 15 Ind. 433, the counterfeit notes were described as payable to "E. Lymour," while those offered in evidence were payable to "E. Seymour" ; the variance was held fatal, and the judgment of conviction was reversed. In *Yount v. The State*, 64 Ind. 443, an indictment for the forgery of a promissory note payable to and indorsed by "E. J. Schweitzer" alleged that the offense was committed with intent to defraud "Emily J. Schweitzer," and in was held bad. In *The State v. Houseal*, 1 Brev. (S. C. Law,) 219, the forgery charged was in signing the name of "Nathaniel Durkie" with intent to defraud him, but the signature, as set out by tenor, was "N. Durkie" ; and it was adjudged that the repugnancy was fatal to the indictment, and judgment was arrested. In *McClellan v. The State*, 32 Ark. 609, the defendant was prosecuted for forging two orders purporting to be signed by "Richard Hudgins," but the signature to the instruments set forth by their

tenor was "Richard Hudgson," and a conviction upon the information was set aside, and a new trial granted. In *Murphy v. The State*, 6 Tex. App. 554, it was charged that the forged instrument was signed "Pat Whelan," and proved that it was signed "P. Whelan" or "D. Whelan," and the court held that this was a fatal variance, and the judgment of conviction was reversed. In *Westbrook v. The State*, 23 Tex. App. 401, where it was charged that the instrument purported to be the act of "C. J. Chapman," but in setting out its tenor the signature was given as "C. J. Chatman," the indictment was held bad for repugnancy, although it was not attacked in the trial court nor in the court of appeals, and the judgment was reversed and the case dismissed. In *Brown v. People*, 66 Ill. 344, where the indictment set out the name signed to the forged instrument as "Otha Carr," it was held not to be supported by the instrument offered in evidence signed by "Oatha Carr." In *United States v. Keen*, 1 McLean, 429, 440, 441, it was held that a draft signed "Jos. Johnson, president," was not admissible in evidence under a count alleging it to be signed "Joseph Johnson."

It may be said generally, in criminal pleadings as to forgery, that repugnancy between the purport and tenor clauses as to the signature of the instrument alleged to be forged, or a variance between the allegation and the proof in that respect, is fatal, unless cured by allegation or evidence showing that the repugnancy or the variance is apparent only, and not real, or that the different names are used to describe the same person. In giving the purport of a promissory note, the name of the maker is descriptive of the forgery alleged, and it must generally be proved as laid. Even in a case of larceny this court held

that evidence that the property stolen was that of "J. M. Wandler" did not support the allegation that it belonged to "Michael Wandler." There was no evidence that "J. M. Wandler" was the same person as "Michael Wandler," and the judgment was reversed and a new trial granted because of the variance. (*The State v. Taylor*, 15 Kan. 420.) Mere differences in the spelling or pronunciation of the name of a third person, as stated in an information and by the witnesses in a criminal case, are not fatal, where the person is so well described and his name so given that his identity cannot be mistaken, as held in the murder case of *The State v. Witt*, 34 Kan. 488. Nor is this like the case of the omission of the middle initial, where the first name is given in full and the party is generally known by such first christian name, as in the false-pretenses case of *The State v. Gordon*, ante, p. 64, 42 Pac. Rep. 346.

On account of the variances between the allegations and the proofs, which were in no way cured, the judgment must be reversed, and a new trial granted

All the Justices concurring.