## GRUBB v. FAY STATE BANK OF FAY.

No. 16854—Opinion Filed Sept. 14, 1926.

**1. Pleading—Sufficiency Upon General Demurrer.**

A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true, for the purpose of the demurrer, and where a pleading states facts upon which the pleader is entitled to any relief, under the law, a general demurrer to the same should be overruled. Dies v. Bank of Commerce of Sapulpa, 100 Okla. 205, 229 Pac. 474.

**2. Judgment—Judgment Void on Its Face —Vacation.**

A judgment which is void upon its face and requires only an inspection of the judgment roll to demonstrate its want of validity is a "dead limb upon the judicial tree which may be lopped off at any time"; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it "at any time on motion of a party or any person affected thereby," either before or after the expiration of three years from rendition of such void judgment. Such motion is unhampered by a limitation of time. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Washita County; E. L. Mitchell, Judge.

Action by the Fay State Bank of Fay, Okla., against Aquilla G. Grubb. Judgment for plaintiff; demurrer to defendant's petition to vacate judgment sustained, and he brings error. Reversed and remanded.

Erwin & Erwin and Ben Smith, for plaintiff in error.

A. E. Darnell, for defendant in error.

Opinion by JONES, C. This action was originally instituted by the appellee, as plaintiff, and against the appellant, as defendant, in the district court of Washita county, to secure judgment on a certain promissory note and to foreclose a real estate mortgage securing said note. The note and mortgage

were executed in favor of the Oklahoma State National Bank, and thereafter assigned to the appellee, Fay State Bank. The mortgage covered a quarter section of land which was occupied as a homestead by the appellant, Aquilla G. Grubb. Plaintiff's petition among other things sets forth the fact that the defendant, Grubb, was at the time of the execution of said mortgage and note, a married man, and that his wife, Bertie Grubb, was hopelessly insane and confined in the state asylum and that the district court of Washita county on the 9th day of June, 1913, made an order finding the said Bertie Grubb, wife of the said defendant, Aquilla G. Grubb, to be insane, and authorized the said Aquilla G. Grubb to convey said real estate, and further alleges that said mortgage, referring to the mortgage here in question, was executed pursuant to and in conformity with said order.

No summons was issued or service of any kind had upon Bertie Grubb, the wife. She, in fact, was not made a party to the action. Summons was served upon the defendant, Aquilla G. Grubb, and on the 13th day of October, 1924, no appearance of any kind having been made for the defendant, a default judgment was rendered for the amount sued for, and foreclosure of the mortgage. Thereafter, on the 24th day of February, 1925, the appellant filed a petition and motion to vacate the judgment, and set forth the fact that the premises covered by said mortgage, and foreclosed upon, were the homestead of the defendant and his wife, Bertie Grubb; that no service was ever had upon the said Bertie Grubb, no guardian ad litem was appointed to represent the said Bertie Grubb, and further alleged that the defendant, Aquilla G. Grubb, has been adjudicated a bankrupt, and that said bankruptcy proceedings were pending at the time of the institution of this suit, and that the mortgage of the appellee was invalid and void, and of no force and effect, and that the judgment based thereon is also void for the reason that the wife of this appellant never joined therein, and that no proceedings were ever taken in the court authorizing appellant to execute said mortgage; that the proceedings referred to in plaintiff's petition were long prior to the transaction here in controversy, and were given for the express purpose of authorizing this appellant to execute a mortgage to one Vance at the time said order was issued, to wit, in 1913, and that said order did not authorize or pertain to the execution of the mortgage here in question. And that this appellant was on the 6th day of February, 1925, duly discharged in the bankruptcy proceedings from all debts and claims against the estate, and that by reason of such order the claim of the defendant in error has been discharged, and prays that said judgment be set aside and held for naught.

To the petition of the said Aquilla G. Grubb to vacate said judgment, the appellee filed a demurrer, and upon hearing of same the court sustained the demurrer, from which order the appellant prosecutes this appeal, and assigns as error the action of the court sustaining the demurrer upon the ground that the petition was not sufficient to state a cause of action, and insufficient to justify the vacation of the judgment complained of.

We are inclined to the opinion that the contention of appellant is correct, and that the trial court was in error in refusing to vacate said judgment. It is a well known and established rule of procedure in this jurisdiction that:

"A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true, for the purpose of the demurrer, and where a pleading states facts which the pleader is entitled to any relief, under the law, a general demurrer to the same should be overruled." Dies v Bank of Commerce of Sapulpa, 100 Okla. 205, 229 Pac. 474.

Innumerable authorities could be cited in support of this rule. The pleadings in this case, both the petition of plaintiff and the petition to vacate, show upon their face that the mortgage foreclosed covered the homestead of the appellant. Aquilla G. Grubb, and his wife, Bertie Grubb; that Bertie Grubb is and was insane at the time of the institution of this suit, and confined in the state asylum; that she was not made a party to this suit; that no summons or notice of any kind was ever given her, and no one appeared in court to represent her interests; and under section 2, art. 12 of the Constitution, and section 5240, C. S. 1921, and the construction placed thereon by this court in the case of Hawkins et al. v. Corbit et al., 83 Okla. 275, 201 Pac. 659, wherein it is held that the homestead cannot be alienated except by written instrument joined in by both husband and wife, and that the homestead laws must be strictly followed, and in the case of Pettis v Johnston. 78 Okla. 277, 190 Pac. 681, the same rule is followed, and a judg-

ment is declared to be void where upon an inspection of the judgment roll it is disclosed that either spouse is not made a party to such foreclosure proceedings, and that such judgment of foreclosure is absolutely void and divests neither the wife nor the husband of any interest or title in said homestead. Numerous authorities are cited in support of this rule, but we deem it unnecessary to incumber the record with a long list of authorities in support of a rule that is so well established in this jurisdiction. Appellee apparently relies on section 5243, C. S. 1921, and contends that this provision of the law was complied with in the execution of the mortgage here foreclosed. Under this provision of our law, it is made possible for one spouse, where the other is insane, to convey or mortgage the homestead, but in order to avail oneself of this provision, there must be a strict compliance with the statutory requirements. The order of the court, which the plaintiff refers to in its petition, is not set forth or attached to the petition, and hence we are not advised of its purpose, meaning, or effect, in so far as the mortgage here in question is concerned; and even though there had been a compliance with this provision of the law in the execution of the note and mortgage sued on, that would not preclude or do away with the necessity of a formal foreclosure proceeding.

We think in any event Bertie Grubb, the wife of the defendant in the trial court, is a necessary party to the proceeding, and that service must be made as required by law upon the said Bertie Grubb before any valid judgment could be taken foreclosing against her homestead. Some question is raised as to the right of the appellant, Aquilla G. Grubb, to attack the judgment, but we think it is an elementary principle of law in this jurisdiction that a void judgment may be successfully attacked at any time by any party in interest, and aside from that, the appellant in his petition to set aside and vacate the judgment makes a special appearance for his wife as husband and next friend, attacking the jurisdiction of the court to render judgment in this case, and in this particular he is clearly within his rights, and there can be no question but that the petition is sufficient to state a cause of action as against the demurrer. There are other questions raised as to the effect of the adjudication in bankruptcy, but we deem it unnecessary to pass upon this question, nor do we determine the effect of the order referred to by plaintiff in his petition authorizing the execution of the mortgage in controversy, because same is not before us. The judgment of the trial court in sustaining the demurrer is hereby reversed, and the case remanded for a new trial on its merits.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 290, 333; 21 R. C. L. 506; 3 R. C. L. Supp p. 1163; 4 R. C. L.Supp.p.1418; 5. R. C. L. Supp. p. 1162. (2) 34 C. J. p. 217, §439.