## McMULLEN v. CARLIS et ux.

No. 18550. Opinion Filed July 31, 1928.

Rehearing Denied Nov. 20, 1928.

Whitaker & Whitaker, for plaintiff in error.

C. H. Tully, for defendants in error.

HEFNER, J. The plaintiff in error, P. McMullen, procured a judgment against the defendants in error, Frank Carlis and Rebecca Carlis, in McIntosh county and a transcript of the judgment was filed in the district court of Hughes county and entered on the judgment docket of that court. He then caused a writ of execution to be levied upon the property of Rebecca Carlis, consisting of 160 acres of land in Hughes county, and it was advertised for sale. The defendants in error filed a motion to quash the writ of execution and prayed for a restraining order to prevent the sale of the land. Frank Carlis and Rebecca Carlis, the defendants in error, had been married about

seven years at the time the motion was filed, and in the motion they alleged the property was then and had at all times been claimed as their homestead.

When the motion came on for hearing the trial court sustained it on the ground that the property was the homestead of the defendants in error, and in its findings, among other things, said:

"The court will find this is homestead property in view of the fact it is claimed as such for the purpose and intention on the part of the petitioners to keep it and has been for a number of years and that there have been improvements made on it and it has always been·so intended and considered by her as a homestead. * * *"

The plaintiff in error and the sheriff of Hughes county were enjoined from selling the land.

The sole question presented here is whether or not the evidence is sufficient to sustain the court in its finding that the land involved was the homestead of the defendants in error, and therefore not subject to levy and sale under execution. The defendants in error never at any time actually resided on the property. Their testimony was that they, at all times since their marriage, had intended to occupy it as their homestead as soon as they were able to do so, and that they, at all times, claimed it as their- homestead. A five year agricultural lease had been placed on the land beginning in 1916. The lessee fenced it, built a house and barn on it, and placed some of the land in cultivation. Doubtless this was the only way the defendants in error could improve the property because they had no means with which to make the improvements.

While the place had never been actually occupied by the defendants in error as their homestead, still they had leased it. improvements had been made on it, and they doubtless used the revenue arising from the leasing of the same for the support of the family. Actual occupancy was not necessary. They caused improvements to be made with the definite and fixed intention of occupying the same as a homestead.

In the case of McFarland v. Coyle, 69 Okla. 248, 172 Pac. 67, this court said:

"A purchase of a homestead within the statutory limits as to quantity and value, with the intention in good faith of presently residing on it or residing thereon as soon as some temporary obstacle to such residence can be removed. or some necessary preparation for the same can be made. is equivalent to actual occupancy of the residence. and said property is exempt from lien, levy, or forced sale."

Under the rule announced in this case, we think the evidence is sufficient to sustain the judgment of the trial court. It committed no error in sustaining the motion of the defendants in error and in issuing an injunction against the sale of the property.

The judgment is affirmed.

MASON, V. C. J., and LESTER, HUNT, and RILEY, JJ., concur.