SIXKILLER et al. v. WEETE et al.

No. 20106.    Oct. 15, 1935.

Rehearing Denied Dec. 3, 1935.

J. W. Jamison and Cruce, Satterfield & Grigsby, for plaintiffs in error.

Ho't & Kopplin, Z. I. J. Holt, D. H. Linebaugh, Paul Pinson and Geo. B. Schwabe, for defendants in error.

BAYLESS, J. Chas. D. Sixkiller et al., plaintiffs in error, were defendants in the trial court, and appeal from a judgment in favor of F. E. Weete and Kathryn G. Weete, husband and wife, rendered by the district court of Tu'sa county. Okla. We will refer to Sixkil'er et al., as defendants, and to the husband and wife by name.

In order to have a proper understanding of this appeal, it is best to make a short statement of the history of the case.

The land involved herein was selected as a part of the allotment of Martin Sixkiller, a Cherokee Indian of three-eighths blood, after his death. Martin Sixkiller was survived by his mother, a full brother (Chas. D. Sixki.ler), and a half brother, George E. Henson. Later the mother died and title to this land vested in Chas. D. Sixkiller and George E. Henson in three-fourths and one-fourth interests, respectively.

George E. Henson was a minor, and his interest in the land was sold by his guardian. Chas. D. Sixkiller, over a period of months, executed and delivered to Wakley and Dick-enson three deeds to his interest in this land, and the trial court held the last deed, dated December 14, 1906, valid. Thereafter, by mesne conveyances full title to this property vested in F. E. Weete June 20, 1917.

The husband and wife thereupon went into possession of the land, improved it, lived upon it, and now assert that it has been their home and homestead since they acquired title.

Thereafter, and in the year 1921, Chas. D. Sixkiller attempted to convey this land to T. Campbell Wilson; and the both of them instituted action No. 26502 in the district court of Tulsa county, Okla., against F. E. Weete, the husband, alone, to cancel his asserted title to the property and for other relief. Judgment was rendered in that action in favor of Sixkiller and Wilson and against F. E. Weete on March 12, 1926, and became final.

Partition was then proceeded with in conformity with the judgment, and when the sheriff had taken steps to advertise and sell the land, the wife, Kathryn G. Weete, filed action No. 38092, in the district court of Tulsa county. Okla., against Sixkiller, Wilson (and later his personal representative when his death was shown), and the sheriff, seeking: (1) to enjoin the sale; (2) to vacate the judgment in No. 26502; (3) to try the title to the property; and (4) to establish her homestead interest, and other relief.

Issues were joined and upon trial of the action the trial court held that Kathryn G. Weete was an indispensable party to the former action; that the judgment rendered therein without her presence as a party was void; that said judgment should be vacated; that the title of F. E. Weete to the property was good; and quieted title in them. This appeal resulted.

The defendants assigned numerous errors, but grouped them under four propositions. Since the argument of the Weetes follows this arrangement, we will adopt it in our consideration of this case.

The defendants' proposition 1 is: The plaintiff has no cause of action. The first judgment was valid, and could not be collaterally attacked, and is conclusive on all questions there involved. This is divided in two parts, viz.: A mere defect of parties defendant does not render a judgment void, especially where such defect does not appear on the face of the record; and, was Kathryn G. Weete a necessary party to the original action? These

are so closely related that we will disregard the division, and will direct our first attention to the last part, which after all is the more decisive of the two.

The trial court found from all of the evidence that all of the elements going to evidence the intention to establish and claim a homestead interest in this property existed and were present in favor of the Weetes. In this we agree.

It is elemental law that homesteads are creatures of the various Constitutions and statutes of the states of the Union. It is also elemental that the benefits and privileges inuring to those entitled to claim a homestead interest in property shall be liberally applied, and the laws establishing such interests shall be liberally construed to effect a broad general social benefit. No court has gone further in this respect than this court.

We have held: That the homestead interest is a creature of the Constitution and statutes and vested jointly in the husband and wife for the benefit of themselves and family, without regard to which spouse has title to the property (McMullen v. Carlis, 133 Okla. 204, 271 P. 665); that two sisters living together, if the other essentials are present, will constitute a family (Union Tr. Co. v. Cox, 55 Okla. 68, 155 P. 206); that tenant in common is entitled to have a homestead exemption in lands held in common (Atlas Sup. Co. v. Blake, 51 Okla. 778, 152 P. 601); that the wife, the owner of the homestead in fee, may assail the validity of a foreclosure judgment upon the ground that the husband was not a party to the action (Pettis v. Johnston, 78 Okla. 277, 190 P. 681); that a mortgage void from its inception for a lack of joinder of the non-owning spouse is not validated by the later abandonment of the property as a homestead (Hall v. Powell, 8 Okla. 276, 57 P. 168); and that the husband and wife may not alienate the homestead by executing separate deeds (Thomas v. James, 84 Okla. 91, 202 P. 499), or by separate writings (Hawkins v. Corbitt, 83 Okla. 275, 201 P. 649). In discussing what is a homestead interest we said in the case of Pettis v. Johnston, supra:

"* * * The homestead interest is a creature of the Constitution and statutes, nothing like it being known at common law; it is a special and peculiar interest in real estate; it is not a mere inchoate interest in either spouse, to become vested upon the death of the other; this joint right is paramount to the individual rights of either, and being incapable of division and partition between husband and wife, it cleaves and adheres * * * closely to the title to the land itself. * * *"

With these statements in mind, it is clear at the outset that many of the general rules of the law and of procedure cannot be applied to this situation because of the peculiar nature of the subject-matter.

The defendants' contention is, however, that whatever this interest may be it does not attach to the land in favor of the family until the husband and wife, or either of them, has actually acquired title to the property. In other words, defendants say that the inception of the homestead interest does not antedate the inception of some title to the property. This seems to be the general rule, but it does not meet the defect in the proceedings in case No. 26502, now asserted by Kathryn G. Weete.

Her complaint, as we understand it, is: That no valid adjudication of the title of her husband, F. E. Weete, could be undertaken without joining her as a party to the action. In other words, we must determine whether an action may be instituted for the purpose of having a solemn judgment that the husband never had any title to the property, and a later action instituted to determine whether the wife had a homestead interest in property, the title thereto never having been vested in the husband according to the judgment of a court.

As we understand the contention of the defendants, they say: (1) The wife is not a necessary, and perhaps not even a proper, party to an action to determine whether the husband ever had title to property which can be claimed as a homestead; and (2) that it having been finally adjudicated that the husband never had title to such property, such adjudication is final and is conclusive upon the wife in her litigation to establish her homestead interest. By this procedure, the homestead claim or right of the wife would be adjudicated against her in an action to which she was not a party, and the full force thereof could be asserted against her in her own suit.

We cannot agree with this contention. The authorities which lay down the general rule that the wife is not a necessary party to the action against the husband invariably say that an adjudication against the husband is not binding upon the wife in her own litigation. 13 R. C. L. 692, sec. 151, and 29 C. J. 983, sec. 451, and notes.

The defendants say, however, that this general rule is subject to the exception that

one who is a privy to a party to an action is estopped by the judgment against that party and that the wife is a privy to the husband in this action. We have held contrary to this in the case of Cressler v. Brown, 79 Okla. 170. 192 P. 417, when we said:

"The general rule is that a party is not privy to a judgment involving property or a right, unless he acquires his interest either after the suit is brought in which the title or right is involved. or after the judgment was rendered."

We said further in that opinion that privity by law, blood, or representation might exist; but we think it is c'ear from what we have said heretofore concerning the homestead right that privity does not exist on behalf of either spouse by either law or representation. The homestead interest is too personal in the spouse claiming it, and—in a sense antagonistic to the other spouse—to permit of privity by law or representation. We use the term antagonistic in the sense that either of the spouses may claim the homestead interest in property and defy the other to divest it.

Since we have held that estoppel by judgment does not apply to a spouse not a party to the action involving the right of homestead and that the wife may bring an independent action later, we must now determine whether it is legal to proceed against husband and wife in separate actions to try title to the property and the right to a homestead.

It is entirely conceivable that a husband defending his title to property, when the wife is not a party to the action, may fail: (1) By casualty or misfortune, not of a sufficient degree to entitle him to a new trial; or (2) by absence, where the family is temporarily absent from the property and constructive service is obtained; or (3) from an inability to obtain evidence, which might later be available to the wife although not to him; or (4) where from the exercise of his discretion or the judgment of counsel, erroneously based, no defense is entered to the action and judgment goes against him; or (5) where the trial court erroneously decides against him and he is unable to appeal. To adopt defendants' theory, any of these judgments would be final as to the husband. Yet it is just as conceivable that the wife, in her later action, might prevail against the victor over her husband. The unusual situation of the co-existence of contrary adjudications of the title to the same piece of property would thus ensue. A trial court would solemnly adjudicate that the husband never had any title to a certain piece of property; and then just as solemnly adjudicate that the husband did have such title as would support a homestead for the family that the wife and children still have the homestead interest therein.

It must have been to avoid just such a situation that the Supreme Court of Michigan adopted the rule which it did in respect of these suits, and the rule which appeals to us as being best grounded in reason and orderly procedure. In the case of Hodson v. Van Fossen, 26 Mich. 68, in an action against the husband to eject him from the premises, it was said:

"It was not pretended, on any hand, that Hodson, who was defendant, had asserted any other claim or right than such as belonged to him in his character of husband of the person who claimed to be the owner * * * and who was in possession. * * *

"The suit was not rightly constituted for that purpose. Mrs. Hodson, not being a party, no judgment respecting the title could affect her rights, and a judgment against her husband, if of any legal value whatever, could not be the basis for disturbing her possession, or warrant his expulsion from her. The continuance of her right and possession includes the right that her husband may occupy with her, and this cannot be taken away by an ejectment process against him alone. The proceeding was erroneous and fruitless. In cases like the present, where husband and wife occupy together the wife's lands, or lands colorably belonging to the wife, and the object of an ejectment is to try her title, both shou'd be made defendants. By no other course can the remedy be harmonized with the rights and duties pertaining to the marital relation, and be made subservient to its proper end and purpose."

See, also, Henry v. Gregory, 29 Mich, 68, and Carby v. Combs, 166 Mich. 347, 130 N. W, 625.

We are, therefore, of the opinion that when a husband and wife are occupying property owned by the husband, and a suit is instituted against the husband for the purpose of adjudicating that he never had title to said property, the wife because of her homestead interest is an indispensable party to the action; and a judgment rendered against the husband in such an action, where the wife is not a party, is a nullity, so far as the wife is concerned, and may be vacated upon the application of the wife in an action brought by her to establish her homestead interest in the property.

The wife alleged in her petition that she paid a part of the purchase price of the property, and testified to that effect at the trial; but the trial judge made no finding upon this issue. We do not consider it necessary to notice this phase of the matter further.

Defendants' proposition 2 is: The deeds under which plaintiffs claim were void under the evidence and the law. The first deed given by Chas. D. Sixkiller was executed before any formal steps had been taken to obtain an allotment for Martin Sixkiller, and was void. The second and third deeds were executed after steps had been taken to have the allotment set aside to the heirs of Martin Sixkiller, and were not void if there was an independent consideration and they were different transactions from the first deed. This was an issue of fact. The trial judge heard the evidence and found in favor of the validity of the deeds. We are of the opinion that his judgment thereon is not contrary to the weight of the evidence.

Defendants' proposition 3 is: The statute of limitations plays no part in this case, for the reasons that: (1) The Hastings Act protects Sixkiller's rights; and (2) our counterclaim should not be barred so long as plaintiffs' actions survived. The principal argument is that since Chas. D. Sixkiller was not competent to convey his own lands, he being an Indian of three-eighths blood, until the Act of May 27, 1908, he was restricted as to these inherited lands at the time he conveyed them; and, being such a restricted Indian then, the Hastings Act (Act April 12, 1926, effective April 12, 1928, c. 115, sec. 2, 44 Stat. 239) preserved his cause of action from the statutes of limitations. The interest which Chas. D. Sixkiller inherited in the allotment selected for Martin Sixkiller was free of restrictions against alienation. Greenless v. Wettack, 43 Ok'a. 16, 141 P. 282; and many other cases. Therefore, the statutes of limitations began to run against Chas. D. Sixkiller in relation to the recovery of this land, because of the alleged invalidity of his deeds, as early, in any event, as December 14, 1906, the date of the last deed. It is agreed that the statutes of limitations applicable were those found in Mansfield's Ark. Dig., and the period prescribed as seven years. Any cause of action which Chas. D. Sixkiller may have had became barred long before any of the actions discussed herein were commenced. The Supreme Court of the United States has recently held, in the case of Stewart v. Keyes, 295 U. S. 403, 79 L. Ed. 1507, that the Hastings Act, supra, did not have the effect of reviving an action in favor of an Indian, where the action was subject to the statutes of limitations of the state and was barred. The trial court was correct in holding that the cause of action asserted by Chas. D. Sixkiller and by his grantee, Wilson, was barred. The second part is entirely without merit.

The defendants' proposition 4 is that Kathryn G. Weete has been guilty of laches and inequitable conduct. We find nothing in the record to so indicate. The action No. 26502 was filed by Sixkiller et al., and they did not see fit to make her a party. She did nothing to mislead them, and waited until the sheriff advertised that he would sell the land in partition, thereby giving notice to the wife that active and immediate efforts would be made to dispossess her, whereupon she filed this action. We can find nothing in the record to establish laches or inequitable conduct on her part.

The parties to the appeal, at the request of the court, have heretofore filed supplemental briefs in which was discussed the general rule that the invalidity of a judgment must appear upon the face of the judgment roll to justify a court vacating an alleged void judgment; and defendants assert that the judgment roll is not a part of this record and therefore its invalidity, if any, cannot appear.

What we have heretofore said concerning the peculiar nature of a homestead interest, the length to which the courts will go to sustain them, and the conflict which sometimes arises between the tendency of the courts to sustain them and the general rules of law and procedure applicable to actions, applies here. The issue tendered and tried was the invalidity of the judgment because of the defect in parties defendant in action No. 26502. There was no dispute of fact on this. It was amply established by evidence in the record.

We are therefore of the opinion that in an action of this kind the general rule contended for should not apply; especially where the invalidity asserted is mainly a question of law because there is no dispute in the evidence regarding it.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur. WELCH and GIBSON, JJ., dissent. McNEILL, C. J., disqualified. BUSBY, J.: I concur in the conclusion that defendant in error should prevail.

I concur in the rules of law announced in syllabus 2.