### LEHMAN et al. v. TUCKER.

No. 26102.   Feb. 18, 1936.

Rehearing Denied March 10, 1936.

J. Wilford Hill, for plaintiffs in error.

A. R. Carpenter and Ira A. Hill, for defendant in error.

PER CURIAM. The parties will be designated as they appeared in the district court.

Absalom J. Lehman owned and occupied the northeast quarter (N. E. ¼) of section 20, township 26 north, range 11 W. I. M. in Alfalfa county, Okla., at the time of his death. He died June 15, 1911, leaving a will under which he gave his wife a life estate in the farm so long as she remained his widow, with the fee remainder to his children and the heirs of a deceased son. An undivided one-third interest, subject to the life estate, went to his son, Nathan J. Lehman, one of the plaintiffs in this action. The will was probated without protest. The plaintiff with his wife and children lived on the farm for many years prior to the death of his father, and thereafter continued occupancy, claiming his undivided one-third interest as a homestead. The widow continued to live on the farm for some time and later married and moved to town. Both before and after her removal, she collected rent from the farm. The record shows that after she remarried in 1926, she had an understanding with the children that she was to continue to get the rent from the farm, and on August 1, 1927, she executed a lease to the plaintiff Nathan J. Lehman, and he, together with his family, continued occupancy, claiming homestead rights the same as he had prior to the date of said written lease.

In June, 1930, Nathan J. Lehman went into voluntary bankruptcy and scheduled an undivided one-third interest in the farm, subject to his mother's life estate, claimed it as a homestead, and asked that it be set aside as such. Creditors objected. Upon a hearing, the referee in bankruptcy held that the bankrupt was the owner of the real estate scheduled, but did not have any homestead rights therein, and upon a final hearing ordered the property sold as an asset of the estate. On October 31, 1930, a sale was confirmed to G. A. Tucker, the defendant here. Nathan J. Lehman did not appeal from the orders in the bankruptcy court. Cora Maud Lehman was not a party to the bankruptcy proceedings. She was not served with any notice or summons. She did not make any appearance. The evidence in the bankruptcy hearing showed that she was the wife of Nathan J. Lehman; that they had children and had occupied the farm continuously for many years and claimed the undivided one-third interest therein as a homestead since the death of the father in 1911. On November 13, 1930, Peter Stein, trustee in bankruptcy of the estate of Nathan J. Lehman, a bankrupt, executed and delivered a deed to the land in question to G. A. Tucker, subject to a life estate held by the widow of Absalom J. Lehman. Possession was not delivered to the purchaser, but the plaintiffs continued their occupancy and brought this action to quiet title to the undivided one-third interest as against the defendant and to cancel his deed.

The substance of the defense, as shown by the answer, is that all questions as to homestead rights were determined as against both plaintiffs in bankruptcy court; that the judgment there became final and res adjudicata as to the plaintiffs.

The court held that the real estate involved was not the homestead of the plaintiffs or either of them; that all questions relative to the homestead rights had been adjudicated in the bankruptcy proceedings and the judgment therein was binding upon both plaintiffs.

1. The homestead is reserved to the family if the title is in either husband or wife, as provided in section 1, art. 12, of the Oklahoma Constitution, and section 1642, Okla. Stats. 1931. McMullen v. Carlis, 133 Okla. 204, 271 P. 665; Whelan v. Adams, 44 Okla. 696, 145 P. 1158; Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Alton Mercantile Co. v. Spindel, 42 Okla. 210, 140 P. 1168.

2. The undivided interest of a tenant in common with other parties, in real estate, may be held as the homestead of his family. Hein v. Wahl, 170 Okla. 402, 40 P. (2d) 683; Atlas Supply Co. v. Blake, 51 Okla. 778, 152 P. 601; Baker v. Grayson, 86 Okla. 159, 207 P. 301.

3. Homestead rights may attach to any interest in real estate which constitutes the dwelling place of the family, and where subject to a life estate there is a present vested fee title subject to the life tenant's rights, including the right to collect rent. Grattan v. Trego, 225 Fed. 705; In re Wineland, 3 Fed. Supp. 796; Miller v. Farmers State Bank, 137 Okla. 183, 279 P. 351.

Applying the provisions of the Constitution, the statutes and the decisions herein cited, the undivided one-third interest in the northeast quarter (N. E. ¼) of section 20, township 26 north, range 11 W. I. M. in Alfalfa county, Okla., was the homestead of the plaintiffs, with their children, as a family, subject to the life estate of the widow of Absalom M. J. Lehman, and the court erred in holding otherwise.

Was this homestead right lost through the bankruptcy of the plaintiff Nathan J. Lehman and the proceedings in connection therewith?

To so hold we must say that the judgment of the bankruptcy court is valid and binding against Cora Maud Lehman, and she is estopped from questioning its validity just the same as if she had been a party in the proceedings, appeared and contested the right of creditors to take the interest in the home for the payment of their claims against her husband. It is well established that the homestead and exemption laws of the states control in bankruptcy. Under section 2 of art. 12 of the Oklahoma Constitution, the homestead of the family is protected from forced sale for payment of debts except for purchase money, taxes, and labor or material liens. The creditors of the bankrupt did not come within any of these classes. The same section and many decisions of this court prohibit encumbrances or alienation of the homestead in whole or in part without the signature of both husband and wife. Nathan J. Lehman alone could not in any manner have deprived his wife and children of the protection and security of their home. A deed, a mortgage, or even a lease executed by him without his wife's signature would have been void.

When the trustee in bankruptcy challenged the bankrupt's claim to have the undivided one-third interest in the farm set aside as a homestead, subject to the life estate, he did not ask that the wife be brought in so that she might assert any homestead right she claimed. A careful examination of the bankruptcy proceedings which are made a part of the record in this case shows that Cora Maud Lehman was neither directly nor indirectly in the bankruptcy case. She was not served with notice or process and did not appear. No action of any kind was prosecuted against her as a party in adverse possession of property claimed as a part of the estate. Since the homestead is exempt from sale for payment of common debts and cannot be alienated except by both the husband and wife, how can it be said that this home could be taken from the wife and children in a proceeding against the husband alone? Could you do through bankruptcy what the Constitution says cannot be done?

4. We think the trial court erred in holding that the judgment in the bankruptcy court was res adjudicata in this case. That judgment sought to deal with a common subject affecting both Nathan J. Lehman and his wife—their family homestead—but the proceedings lacked one of the essential elements to make a judgment res adjudicata, well established under our decisions, namely, identity of parties. Cora Maud Lehman was not a party in the bankruptcy proceedings. The judgment was not res adjudicata. L. E. Myers Co. et al. v. Ross, 161 Okla. 186, 17 P. (2d) 395; Farmers National Bank of Oklahoma City v. Gillis, 155 Okla. 291, 9 P. (2d) 47; Ratcliff-Sanders Grocer Co. v. Bluejacket Merc. Co., 63 Okla. 298, 164 P. 1142.

In Citizens State Bank of Lindale v. Jeffries et ux. (Tex. Civ. App.) 2 S. W. (2d) 317, the court said that a judgment in bankruptcy "affecting a homestead is not binding on the wife when she is not a party to the action," and further that "the title to property reserved by the state law as the debtor's exemption does not rest in the trustee in bankruptcy, but remains in the debtor. It is expressly excluded from the assets of the bankrupt's estate to be administered," and, further "It is immaterial that the wife knew of the bankruptcy proceedings and the order."

5. The judgment relied upon by the defendant and upon which the trustee's deed was issued to the defendant was void and the plaintiffs could attack it in this case. A void judgment may be successfully attacked at any time by any party in interest. Grubb v. Fay State Bank, 119 Okla. 199, 249 P. 341.

We conclude, therefore, that the undivided one-third interest in the northeast quarter (N. E. ¼) of section 20, township 26 north, range 11 W. I. M. in Alfalfa county, Okla., was the homestead of the plaintiffs, subject to any life estate of Margaret Nelson, and that the homestead rights were not lost by or through the bankruptcy proceedings of Nathan J. Lehman, bankrupt; that the title to said farm never passed to the trustee in bankruptcy; that the deed from Peter Stein, trustee, to G. A. Tucker is void; and that the court committed error in holding otherwise and in sustaining the demurrer to the plaintiffs' evidence. The judgment of the trial court is reversed and the cause remanded.

The Supreme Court acknowledges the aid

of Attorneys D. I. Johnston, Raymond A. Tolbert, and Coleman H. Hayes in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johnston and approved by Mr. Tolbert and Mr. Hayes, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.