## HOYT v. FIRST NAT. BANK OF STILLWATER et al.

No. 27707.  Jan. 11, 1938.

Rehearing Denied Feb. 1, 1938.

Application for Leave to File Second Petition for Rehearing Denied March 29, 1938.

J. M. Springer and Wilcox & Swank, for plaintiff in error.

J. W. Reece and E. F. Jenkins, for defendants in error.

GIBSON, J.  The only question involved in this appeal is whether the plaintiff in error, T. J. Hoyt, had such homestead rights in two lots in the city of Stillwater as would permit him to prevent the sale under foreclosure of mortgage on said lots attempted to be had in a suit to which he was not made a party.

Hoyt and his wife owned the lots several years ago.  They sold to a college fraternity and took back notes secured by mortgage on the lots.  Some of the notes were hypothecated to the First National Bank of Stillwater, defendant in error, which brought the foreclosure suit.  The fraternity was unable to complete payments and surrendered possession of the property to Hoyt and his wife, who moved into the property just a month before the bank brought suit.  The

Hoyts continued to occupy the place.  Hoyt proved he spent several hundred dollars upon the property in repairing it.  For some reason he was not named as a party to the foreclosure suit, although Mrs. Hoyt, to whom the fraternity had made its notes and who hypothecated the notes to the bank, was made a party.

To support his claim of homestead rights, Hoyt proved that he and his family moved into and continually occupied the property, made repairs thereon, and that he had oral negotiations with the fraternity by which he was to receive a deed from the fraternity. No deed was ever obtained.  It is undisputed that the Hoyts, after the sale to the fraternity, established their homestead elsewhere, and that their homestead rights can arise, if at all, only by virtue of their taking possession of the property in the circumstances arising just before the foreclosure suit.

It is urged that Hoyt had such an equitable title in the property as to permit his claim of homestead under the theory that he had taken possession and made improvements under an oral contract to convey. Here is invoked the rule that an equitable title, or ownership, together with the possession and occupancy as a home, is sufficient basis to support the homestead.  Alexander v. Bobier, 65 Okla. 301, 166 P. 716.  See, also, Sixkiller v. Weete, 175 Okla. 204, 51 P. (2d) 807.

It is apparent, therefore, that if the homestead rights attached, the foreclosure judgment is void and Hoyt should prevail here. Pettis v. Johnston, 78 Okla. 277, 190 P. 681. But Hoyt cannot prevail unless his evidence shows such equitable title as would be sufficient upon which to base homestead rights. He is the plaintiff in this suit and has the burden of proof on that point.  In our opinion his evidence fails in this particular.  Evidence offered by him shows that the fraternity, a corporation, voted to deed back to him the property if and when he surrendered to it the notes and mortgage given by it.  His own testimony was to the effect that nothing had been said about the notes, "there was really no consideration threshed out. * * * We hadn't got down to the other part of it yet, and was waiting to get the deed signed."

There was no written evidence of the transaction.  It is apparent that the alleged terms of the oral agreement were so indefinite as to be inenforceable, if, in view of Hoyt's testimony, there was any agreement at all.  It is clear from his testimony that

the parties were only negotiating for an agreement, and that he had not accepted the terms of the fraternity's offer.

"Where, in making an agreement, parties fail to use language sufficiently definite to enable the court to ascertain their intention to a reasonable certainty, such agreement does not constitute an enforceable contract." Sticelber v. Iglehart, 169 Oka. 453, 37 P. (2d) 638.

"The equitable title is the right in the party to whom it belongs to have the legal title transferred to him." Thygerson v. Whitbeck (Utah) 16 P. 403; 20 C. J., p. 1304.

The evidence of Hoyt failed to show that he had such title as could be enforced in equity. In the Oklahoma cases and others cited in support of his position, it appears that there was either some paper title or such equitable title as might be enforced. A mere claim of an equity does not support an asserted homestead right.

The lower court rightfully found his evidence insufficient, and its action in sustaining a demurrer thereto and dismissing his petition accordingly is affirmed.

RILEY, WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.