VAN METER et vir  v. FIELD.

No. 30063.  May 22, 1945.

Rehearing Denied June 19, 1945.

*159 P. 2d 546.*

C. F. Green, of Ada, for plaintiffs in error.

Busby, Harrell & Price and Thomas P. Holt, all of Ada, for defendant in error.

ARNOLD, J. This is an action brought by Susan I. Van Meter and John C. Van Meter, wife and husband, plaintiffs in error (plaintiffs below) against Samuel H. Field, defendant in error (defendant below) to cancel and hold for naught a certain judgment.

For many years Emma Van Meter, mother of the plaintiff, John C. Van Meter, was the owner of the property involved herein and occupied same as her home. In 1922 the plaintiffs moved into the property and continued to live there with Emma Van Meter until her death in 1933. John C. Van Meter inherited an undivided one-half interest in the property. Later, in 1934, he obtained deeds from the other heirs. The plaintiffs continued to live in the property as their constitional and statutory homestead.

In 1928 Emma Van Meter executed a note in the amount of $1,500 and secured the same by a mortgage on said property. Prior to the date of maturity, February 1, 1933, the defendant, Samuel H. Field, became the owner of said note and mortgage. The note was not paid at maturity and thereafter no part of the principal or interest was paid. On January 31, 1938, Field filed an action to foreclose said mortgage in the district court of Pontotoc county, same being case No. 15460. Although the plaintiffs were in possession of said property and occupying it as their homestead, Susan I. Van Meter, wife of John C. Van Meter, was not made a party defendant therein. Thereafter, on April 20, 1939, after trial, a judgment was entered foreclosing said mortgage; appraisement having been waived in the mortgage, it was ordered that unless the said John C. Van Meter pay the amount found due together with the costs within six months, the property be sold to satisfy same. No appeal was taken and the judgment became final.

On May 18, 1939, Susan I. Van Meter and John C. Van Meter filed this action. They alleged that they were husband and wife and the legal and equitable owners and in actual possession of the property; that the defendant, Samuel H. Field, had no right, title, or interest in said property adverse to the right and title of the plaintiffs, and that the title thereto should be quieted in them; that title is vested in John C. Van Meter; that the plaintiffs have occupied same as their constitutional and statutory homestead for many years and have owned no other property; that the defendant claims some interest therein by reason of the judgment rendered in case No. 15460, above referred to, fixing a lien on the property, but that said judgment is void and of no effect in that the plaintiff Susan I. Van Meter was not a party to said case No. 15460, and

same should be canceled and held for naught insofar as it affects titles to said property; it being the constitutional homestead of the plaintiffs. They then prayed that the title be quieted in them; that the defendant be barred and enjoined from asserting any right, title, or interest adverse to the right, title, and interest of the plaintiffs; that the judgment in case No. 15460 be canceled, vacated, set aside and held for naught.

The defendant filed an answer and cross-petition in which he denied generally the allegations of the petition and then alleged that his claim of right, title, and interest in the property arises by virtue of the mortgage executed by Emma Van Meter, hereinbefore referred to, which he now owns; that he obtained the judgment in case No. 15460, above described, which is final and conclusive as to any right, claim, title, or interest of the plaintiff John C. Van Meter, and that said plaintiff is estopped thereby; that if the plaintiffs acquired title to the property and established their homestead thereon, any such homestead right so created was inferior, subsequent, and subject to the prior and superior claim and lien of him by virtue of said mortgage; that any claim of the plaintiffs, or either of them, is limited to the right to redeem by payment of the amount adjudged to be due upon said note and mortgage, and that they are not entitled to have the mortgage canceled or the judgment vacated; that under the maxim of equity "He who seeks equity must do equity" the said plaintiffs should be required to tender the full amount of the mortgage indebtedness together with interest, costs, and attorneys' fees in the amount determined in case No. 15460 as a condition precedent to the relief prayed for; that he is entitled to a decree determining that his right, title, lien claim, and interest by virtue of said mortgage and the proceedings in case No. 15460 is prior and superior to any claim of the plaintiffs; that in the event either plaintiff is determined to have a right of redemption a reasonable time should be granted in which to redeem, and if they fail to do so, then both should be barred and estopped from asserting any claim in and to said property and the defendant authorized to proceed with the enforcement of the judgment as against the defendants in that action. He then prayed that the plaintiffs take nothing; that his right, title, and interest by virtue of said mortgage and judgment be declared to be prior and superior to any right or claim of the plaintiffs and each of them, and that plaintiffs be required to pay the amount of said judgment within 30 days and upon their failure to do so be forever barred.

The plaintiffs in their reply and answer alleged that Susan I. Van Meter was not a party to said case No. 15460 and that her homestead rights in the property were not affected by the judgment rendered therein; that the mortgage is not a defense to the instant case because barred by the five-year statute of limitations; that said note and mortgage should be canceled and the property relieved therefrom; that the plaintiffs should not be required to tender the amount of the indebtedness because the note and mortgage show on their face that the five-year statute of limitations has run; that the court was without power to render the judgment in said case No. 15460 for the reason that the property was the constitutional homestead of the plaintiffs, and the wife, Susan I. Van Meter, though a necessary party, was not named a defendant therein; that homestead rights cannot be litigated without the presence of both husband and wife; that the court was therefore without power to render the judgment. They then concluded their reply with a prayer, in effect, for the same relief asked for in their petition.

In the findings of fact and conclusions of law, the trial court found that the note was executed by Emma Van Meter on February 14, 1928, and that same was payable on February 1, 1933; that on the same date, to secure the same, she executed a mortgage covering the property involved herein; that John C. Van Meter acquired title to the prop-

erty by inheritance from his mother and by deed from the other heirs in 1933 and 1934, respectively; that the plaintiffs resided with Emma Van Meter· in the property prior to her death and continued to occupy same thereafter; that the defendant obtained the judgment in case No. 15460 and that the same is final; that the sole ground presented for vacating judgment was the fact that Susan I. Van Meter was not a party to the foreclosure action; that the property was the homestead of the plaintiffs at the time the foreclosure action was filed and that whatever cause of action Field had against Susan I. Van Meter was barred by the statute of limitations; that John C. Van Meter filed an answer and appeared and contested the foreclosure action, and that the plaintiff Susan I. Van Meter was informed and knew of said action; that the plaintiffs have not tendered the amount of said judgment which they seek to set aside, and that it remains wholly unpaid; that the defendant made the proceedings in case No. 15460 a part of this action and asked that the judgment therein be decreed a first and prior lien upon the property and that the plaintiff should be required to pay the full amount thereof as a condition precedent to the relief asked for by them; that the plaintiffs were occupying said premises as their homestead on January 31, 1938; that the homestead occupancy commenced not earlier than the date of the death of Emma Van Meter, and that they acquired their interest with full knowledge of the mortgage; that the only claim of Susan I. Van Meter arises from the fact that she is the wife of John C. Van Meter and claims homestead interest therein. The court concluded as a matter of law that whatever right, title, or interest the plaintiffs acquired in the property was subject, subsequent, and inferior to the mortgage; that by this action the plaintiffs compelled defendant to assert his mortgage and judgment lien by way of cross-petition and same is therefore not subject to the bar of the statute of limitations; that the plaintiffs should be required to do equity by paying said

judgment as a prerequisite to having their title quieted to the property; that 180 days is sufficient time to allow the plaintiffs for the payment of said judgment, and that it should be decreed that defendant has a first and prior lien upon said property by virtue of said judgment and unless the plaintiffs should pay the full amount thereof they should be forever barred, precluded, and estopped from setting up or asserting any claim or title or right as against the defendant or the purchaser at the sale.

Judgment for the defendant was then entered in conformity with the findings of fact and conclusions of law.

· Homestead interest is a creature of the Constitution and statutes and is vested jointly in the husband and wife for the benefit of themselves and family without regard to which spouse has title to the property. Sixkiller v. Weete, 175 Okla. 204. 51 P. 2d 807; McMullen v. Carlis, 133 Okla. 204, 271 P. 665. Homestead rights may attach to any possessory interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever may, under some circumstances, be sufficient as against all the world except the true owners and those claiming under them. Miller v. Farmers' State Bank, 137 Okla. 183, 279 P. 351; Lehman v. Tucker, 176 Okla. 286, 55 P. 2d 62; Davis v. Morgan, 186 Okla. 30, 95 P. 2d 856; 19 R.C.L. 569.

Prior to the death of Emma Van Meter the plaintiffs had no interest or estate, legal or equitable, in the property. She merely permitted them to live with her. It is obvious that the homestead rights of the plaintiffs attached to the property at the time of· the death of Emma Van Meter, December 9, 1933, when by inheritance John C. Van Meter acquired an interest therein; that the mortgage executed by Emma Van Meter on February 14, 1928, was valid, and that the homestead rights of both plaintiffs were subject, ·junior, and inferior thereto.

Although the homestead interest of Susan I. Van Meter was junior and inferior to the mortgage, such right attached prior to the institution of the foreclosure action and she was not deprived of such interest by the judgment therein against her husband, she not being a party to said action. No valid foreclosure could be had, and the judgment is a mere nullity. She and her husband, or either of them, might assail the validity thereof and prevent its enforcement. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Grubb v. Fay State Bank, 119 Okla. 199, 249 P. 341; Sixkiller v. Weete, supra; Hoyt v. First National Bank of Stillwater, 182 Okla. 350, 77 P. 2d 538; Mercer v. McKeel, 188 Okla. 280, 108 P. 2d 138; Willis v. Whitead et al., 56 Kan. 221, 52 P. 445.

Where a mortgagee forecloses his mortgage and becomes the purchaser at the foreclosure sale but fails to join the holder of an interest in the premises as a party defendant, the judgment and sale are ineffective as to such interest; as a general rule equity will keep the mortgage alive against the omitted party's interest, and the mortgagee will be entitled to an action de novo to foreclose the mortgage. Rives v. Stanford, 188 Okla. 108, 106 P. 2d 1101; Darks v. Kansas City Life Ins. Co., 181 Okla. 165, 72 P. 2d 810; John Hancock Mutual Life Ins. Co. v. Mays, 152 Kan. 46, 102 P. 2d 984. Plaintiffs concede this to be the rule but take the position that it is not applicable in this case; that defendant has made no effort to re-foreclose such mortgage and has relied solely upon the void judgment obtained in such action; that the void judgment as well as the proceedings in said action could not be used as evidence in this action to establish the amount due on the mortgage; that the statute of limitations was not tolled by that action and may be interposed as a defense in this case.

The defendant predicated his defense and cross-petition upon the judgment obtained in the foreclosure action in which Susan I. Van Meter was not a party. Such judgment, being void, did not determine the homestead rights of the Van Meters or bar them from asserting such rights. There has never been a valid foreclosure of the mortgage. This action before us is an independent action to vacate a void judgment. This is the only relief the plaintiffs were entitled to. Field's relief is to foreclose his mortgage. This being true, the maxim of equity relied upon and applied by the trial court has no application and the cases cited in support thereof are not in point.

After this appeal was lodged Susan I. Van Meter died and a motion to dismiss this appeal has been filed and correctly overruled. The judgment in foreclosure sought to be vacated was utterly void and the death of Susan did not impart life to it. That case stands as though no judgment was ever entered therein. However, the homestead interest of Susan I. Van Meter did not survive and neither she nor her representative is any longer a necessary party to the foreclosure action which still stands against John C. Van Meter. The action having been commenced against him within the statutory time, and the death of Susan I. Van Meter having occurred in the meantime, eliminating the joint nature of the homestead interest, the statute of limitations can have no application even though it were conceded that the statute had run as to her. It is not necessary to pass upon the proposition urged in this connection.

Reversed, with directions to vacate the judgment of foreclosure and proceed not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and OSBORN and BAYLESS, JJ., concur. RILEY, WELCH, and CORN, JJ., dissent.