LUDEMAN v. ARMBRUSTER et ux.

No. 32087. Feb. 5, 1946.

*165 P. 2d 835.*

453

E. F. Maley, of Okmulgee, for plaintiff in error.

Steele & Boatman, of Okmulgee, for defendants in error.

DAVISON, J. This action was brought by C. D. Armbruster and Vera Bernice Armbruster, husband and wife, defendants in error, hereinafter called plaintiffs, against B. W. Ludeman, plaintiff in error, hereinafter called defendant, to cancel a resale tax deed covering the east 40 feet of lot 6, block 5, Highland View addition to the city of Okmulgee, Okla. The matter was tried to the court, and from a judgment canceling the resale tax deed the defendant appeals to this court.

The evidence developed that lot 6 was 100 feet wide and that title was taken in the name of C. D. Armbruster by warranty deed dated August 5, 1933, and that he had been in possession since that date either personally or by tenant; that on December 3, 1935, the plaintiffs gave a mortgage on the west 60 feet of said lot to the American Exchange Bank, Henryetta, Okla., for $2,500 to secure an F.H.A. loan and that the bank paid the taxes on the entire lot for the years 1937, 1938, 1941, and 1942, and only on the west 60 feet for the years 1939 and 1940. This left the taxes on the east 40 feet unpaid for the years 1939 and 1940. The mortgage was paid and released on June 22, 1943.

The plaintiff Vera Bernice Armbruster, over objection of defendant as to her competency, testified that on April 1, 1943, the plaintiffs moved into the property; that on December 30, 1943, she went to the county treasurer's office and told a deputy she wished "to pay all the taxes against the property" and asked the deputy to check all the taxes against the property; that the deputy went to the books and figured the amount and she paid the amount given and took a tax receipt therefor. The check and receipt were introduced in evidence and the receipt reflects payment of the 1943 tax on lot 6 with homestead exemption allowed. The witness stated the bank had been paying the taxes and that they had paid the mortgage and wanted to make certain there was no mistake in the taxes. Under repeated examination and cross-examination the witness stated she asked for all the taxes. The witness further stated she was sent by Mr. Armbruster to pay the taxes, and that she was ready, willing, and able to pay all the taxes she was told were due.

It was testified that the first knowledge plaintiffs had of any delinquent taxes and of the resale tax deed was when defendant came to the premises after obtaining the tax deed.

The plaintiffs in their petition tendered payment of taxes, penalties, costs, and interest necessary to redeem from tax sale. They also tendered payment to the county treasurer prior to filing suit and tendered payment at the trial.

The defendant demurred to the evidence of plaintiffs and the court reserved his ruling. The defendant thereupon introduced his evidence.

The defendant introduced in evidence a resale deed for resale had May 8, 1944, and recorded June 2, 1944, covering the east 40 feet of lot 6 with recited consideration of $1 and based on original sale of 1939 and 1940 taxes. The deputy county treasurer who waited on Mrs. Armbruster stated she did not remember the conversation at the time the 1943 taxes were paid. The witness' testimony was contradictory, as she stated a request for all taxes at that time would have meant to her all the taxes for 1943 inasmuch as all the 1943 taxes were due but not delinquent and one-half or three-fourths could have been paid, and at another place that "I would check" and "We look back".

The trial court at the conclusion of all the evidence overruled defendant's demurrer and rendered judgment for plaintiffs canceling the resale deed and directed payment to the court clerk of $45.07 taxes, penalties, and interest for taxes for 1939 and 1940, to be held until further order of the court. The tender was timely made.

The tax proceedings by virtue of which the resale tax deed of the defendant was issued are not questioned. The trial court's judgment is based upon the decision in Headley v. Hall, 191 Okla. 352, 129 P. 2d 1018; McKinney v. Farrow, 194 Okla. 397, 152 P. 2d 265; Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544; and in Alexander v. James, 195 Okla. 309, 157 P. 2d 456, wherein we said:

"In an action to cancel tax deed where nonpayment of delinquent taxes is chargeable to misinformation or miscalculation of tax collector, on inquiry by owner of realty, and owner acting in good faith under such misinformation or miscalculation, and justifiably relying thereon, has made reasonably diligent effort to discharge his realty from the tax burden, any tax deed issued against the property so long as the owner remained in ignorance of another or greater tax burden will be treated as subject to cancellation on equitable consideration, upon full money tender."

The defendant contends the evidence is not sufficient to sustain the judgment rendered.

The plaintiffs presented evidence to establish compliance with the requirements set forth in Alexander v. James and other cases, supra. The trial court by its judgment found the evidence sufficient to sustain the plaintiffs' contention. This is a case of equitable cognizance and we have examined and weighed the evidence. In Payne v. Wade, 190 Okla. 222, 122 P. 2d 144, we said:

"In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are clearly against the weight of the evidence."

See, also, Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825.

The judgment in the present case is not contrary to the evidence, but in our opinion the evidence supports the judgment.

The defendant contends the plaintiff Vera Bernice Armbruster, being the wife of the other plaintiff and title to the property being in her husband, was incompetent to testify in the action. Defendant relies on 12 O. S. 1941 § 385, subd. 3:

"The following persons shall be incompetent to testify: . . .

"3. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, as when they are joint parties and have a joint interest in the action."

The property, subject of this litigation, was the homestead of the plaintiffs, and the homestead interest was jointly vested in the plaintiffs. In Mc-

Mullen v. Carlis, 133 Okla. 204, 271 P. 665, we held:

"The homestead interest is a creature of the Constitution and the statutes, and is jointly vested in the husband and wife for the benefit of themselves and family, without regard to which spouse owns the title to the land."

See, also, Sixkiller v. Weete, 175 Okla. 204, 51 P. 2d 807, wherein we held the wife an indispensable party to an action involving title to the homestead where the action was against the husband alone, who claimed title, and that judgment against the husband alone did not conclude the wife.

We conclude that, the action being one to set aside a resale tax deed to the homestead estate, plaintiffs were joint parties and had a joint interest in the action and that the plaintiff wife was a competent witness.

The judgment is affirmed.

HURST, V.C.J., and RILEY, OS-BORN, BAYLESS, WELCH, and AR-NOLD, JJ., concur.