BLEDSOE v. FRANCIS.
No. 32238. Oct. 29, 1946.
*173 P. 2d 918.*

Kerr, Lambert & Conn, of Ada, for plaintiff in error.

C. F. Green, of Ada, for defendant in error.

OSBORN, J. This action was brought by the plaintiff, Mabel Francis, nee Roper, the former owner of a tract of land in Pontotoc county which had been purchased by defendant, Eldon R. Bledsoe, at tax resale, to cancel a resale tax deed and quiet her title to the land involved. The trial court rendered judgment for the plaintiff, and canceled the resale deed. Defendant appeals.

Defendant contends that the judgment of the trial court is contrary to the clear weight of the evidence, and that the case being one of equitable cognizance, we should weigh the evidence and reverse the judgment.

The land was sold at the 1944 resale for the 1940 and 1943 taxes, which admittedly were not paid. However, plaintiff could have redeemed from the 1943 delinquency, so that the principal complaint is as to the 1940 taxes. In the trial court the plaintiff complained that the county treasurer failed to indorse upon her 1941 and 1942 tax receipts the delinquent taxes for 1940 as required by 68 O.S. 1941 § 201, and that he failed to inform her that the 1940 taxes were delinquent.

From the record it appears that at the time she paid her 1941 taxes plaintiff stated to the county treasurer that

she desired to pay her taxes "in full". The county treasurer thereupon advised her the amount of the 1941 taxes due, but did not advise her that the 1940 taxes were delinquent, neither did he indorse such delinquent taxes upon her tax receipt as required by 68 O.S. 1941 § 201. It further appears that plaintiff was ready, willing, and able to pay the 1940 taxes had she been advised of the fact that they were delinquent, and that payment thereof had inadvertently been overlooked by her.

We have many times held that in cases of equitable cognizance such as the instant case, we will not reverse the judgment of the lower court unless the same is clearly against the weight of the evidence. Payne v. Wade, 190 Okla. 222, 122 P. 2d 144; Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825.

The trial court evidently concluded that the evidence sufficiently showed that plaintiff was misinformed by the county treasurer, and from an examination of the record it appears that his conclusion was not clearly against the weight of the evidence. See Ludeman v. Armbruster, 196 Okla. 452, 165 P. 2d 835.

Affirmed.

HURST, V. C. J., and BAYLESS, WELCH, and DAVISON, JJ., concur.