## YODER v. ROBINSON *et al.*

No. 2802. Opinion Filed January 5, 1915.

(145 Pac. 775.)

**MORTGAGES—Foreclosure—Purchase by First Mortgagee—Protection Against Second Mortgagee.** R., a first mortgagee, commenced suit against T., the mortgagor, and Y., a second mortgagee, wherein he prayed for a judgment against T. for the amount due him on a certain promissory note signed by T. and the foreclosure of his first mortgage which was given to secure said sum, as against T., and for the foreclosure of the junior mortgage of Y. The petition in the cause was filed on May 28, 1910. On

the following day praecipe for summons was filed and summons was issued and duly served upon T., no praecipe being filed or summons issued as to Y. On the 24th day of April, 1911, an affidavit of nonresidence as to Y. was filed, and first publication of notice published on the 28th day of April, 1911; the second publication being had on May 5, 1911. On May 8, 1911, sale of the land under decree against T. was had; R. becoming the purchaser for a sum less than his debt against T., which sale was duly confirmed by the court and sheriff's deed executed and delivered to R. On the 24th day of July, 1911, Y. answered, in effect, setting up the foregoing facts. Thereafter the court below sustained a motion for judgment upon the pleadings and entered a supplemental and final decree against Y., foreclosing his equity of redemption and barring him from setting up or asserting any right to redeem said land or any part thereof from the sheriff's sale theretofore made, and from claiming or asserting any interest in or lien upon said real estate. **Held,** not error.

(Syllabus by the Court.)

*Error from District Court, Lincoln County;*

*. Chas. B. Wilson, Jr., Judge.*

Action by F. K. Robinson against J. William Taylor and others. From a judgment, defendant S. T. Yoder brings error. Affirmed.

*Asp, Snyder, Owen & Lybrand* and *W. L. Johnson,* for plaintiff in error.

*Burford & Burford,* for defendants in error.

KANE, C. J. This was an action upon a promissory note and to foreclose a mortgage given to secure the same, commenced by the defendant in error F. K. Robinson, against the defendants in error J. William Taylor and Belle Taylor, who were the mortgagors, and the plaintiff in error S. T. Yoder, a second mortgagee. Service of summons was had upon the Taylors, judgment was rendered against them by default for the amount due upon their note, and a decree was entered foreclosing their interest in the mortgaged premises under which a sale of said premises was had; the plaintiff Robinson becom-

ing the purchaser for a sum less than his judgment against the Taylors, which sale was confirmed by the court and a sheriff's deed was duly executed to Robinson. No appeal was taken from this action of the court, so the Taylors and their interest or rights in the premises are in no wise involved herein. The petition in the cause was filed on May 28, 1910. On the following day præcipe for summons was filed and summons was issued for the Taylors, no præcipe being filed or summons issued for Yoder. On September 26, 1910, judgment and decree of foreclosure was had against the Taylors and an entry was made continuing the cause as to Yoder. On the 24th day of April, 1911, an affidavit of nonresidence as to Yoder was filed, and first publication of notice was published on the 28th day of April, 1911; the second publication being had on May 5, 1911. On May 8, 1911, sale of the land under decree against the Taylors was had and the sale thereof confirmed by the court. On May 12, 1911, the last publication was had, and on the 24th day of July, 1911, Yoder answered as follows:

"Comes now the defendant S. T. Yoder in the above-entitled cause, and in answer to the petition of the plaintiff herein, alleges and states that the above action is no longer pending in this court for the reason that heretofore, to-wit, on the 26th day of September, 1910, the plaintiff F. K. Robinson took judgment in said cause against J. William Taylor and Belle Taylor for foreclosure of the mortgage set forth in plaintiff's petition executed by the said defendants Taylor, foreclosing the said mortgage; that at the time said judgment was taken this defendant, S. T. Yoder, was the owner and holder of a mortgage on the premises described in plaintiff's petition for $720.00 with 8 per cent. interest from October 15, 1910, but he had not been served with process of summons; that pursuant to said judgment against the defendants Taylor the sheriff of Lincoln county, Okla. pursuant to due process of law, sold said premises to satisfy said mortgage and sold the same free from the lien of said mortgage, and said premises were purchased by the plaintiff F. K. Robinson, by virtue of which judgment and sheriff's sale the lien of the first mortgage upon said premises

was extinguished and said action was terminated. Wherefore, premises considered, this defendant prays that said action may be abated by order of this court and that he be dismissed hence with his costs."

On the 3rd day of November, 1911, the court sustained a motion for judgment upon the pleadings and rendered judgment in favor of plaintiff and against defendant Yoder, and entered a supplemental and final decree in said cause as follows:

"It is therefore ordered, adjudged, and decreed that the equity of redemption of the defendant S. T. Yoder, in and to the lands described in the petition, * * * be and the same is forever barred from setting up or asserting any right to redeem said land or any part thereof from the sheriff's sale heretofore made herein, or from claiming or asserting any claim to any interest in or lien upon said real estate."

To reverse this judgment and decree this proceeding in error was commenced.

The answer filed by Yoder, the second mortgagee, raises but two questions: (1) Was the plaintiff entitled to proceed against Yoder in the original action, or was he required to commence an entirely new action for the purpose of fore-closing whatever interest the second mortgagee may have had in the mortgaged premises? (2) Upon the plaintiff, the first mortgagee, becoming the purchaser of the mortgaged premises at the sheriff's sale and the confirmation of the sale and issuance of the sheriff's deed, did his lien become merged in his fee, and hence he no longer had any cause of action resulting from his mortgage?

On the first proposition we are of the opinion that the court below committed no error in entering the judgment and the decree against Yoder in the original proceeding. Whether the action is treated as a continuation of the original proceeding, or as a new action, it is difficult to see how any of the rights

of the second mortgagee in the premises which he desired to protect could not have been protected. In the present proceeding he made a general appearance and presumably set up in his answer all the defenses he had tending to defeat the plaintiff's cause of action against him. If the action had been commenced *de novo,* he could have done no more. We may assume, then, that counsel for plaintiff in error is correct in his contention that:

"While Yoder, as the holder of a junior lien, had a right at any time prior to the sale of the said property to redeem said property from the lien of the first mortgage and become subrogated to the rights of the first mortgagee, he was under no legal obligation to do so. * * * He had a right to stand upon his right to a foreclosure and sale for the satisfaction of his own indebtedness."

And yet, it would not strengthen their position, for even if they were entitled to the right of foreclosure, as they contend, they could as well assert such right in the original action as to require the first mortgagee to commence over again. In the answer filed they do not offer to redeem, nor do they seek to assert the right which they now claim of a foreclosure and sale for the satisfaction of their own indebtedness. Equitable principles must be applied to actions of this kind. It seems trivial to ask an appellate court to reverse a judgment and decree rendered in such a proceeding for no other reason than to afford an appellant an opportunity to assert rights in an action *de novo* which he already has had ample opportunity to set up in his answer and did not do so. Entertaining this view, it is not necessary to decide whether the second mortgagee was entitled to redeem or, as he contends, "had a right to stand upon his right to foreclosure and sale for the satisfaction of his own indebtedness."

Moreover, as the relief prayed for in the petition is not joint as between the Taylors and Yoder, service not having

been had on Yoder, and the Taylors having been served and defaulted, sections 5917 and 5619, Comp. Laws 1909, then in force, were applicable. Though not served with the process Yoder was a defendant in contemplation of these provisions, and the steps taken as to him were regular and as binding upon him; he having been brought in as if served in the first instance. The first of these sections provides that:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served."

The second section provides:

"Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: * * * Second. If the action be against defendant severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

We think the foregoing sections are applicable to the situation herein presented.

The second proposition of law presented by the answer is divided into two subdivisions by counsel for plaintiff in error in their brief as follows: (1) By virtue of section 4133, Comp. Laws 1909, which provides that "the sale of any property on which there is a lien, in satisfaction of the claim se-

cured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon," the sale of the land to Robinson extinguished his lien, "and there was for that reason, no cause of action existing on behalf of plaintiff Robinson subsequent to said sale and confirmation thereof on the 8th day of May, 1911." (2) Upon the first mortgagee becoming the purchaser of the mortgaged premises at the sheriff's sale and the confirmation of said sale and the execution of the sheriff's deed thereunder, his lien merged in his fee, and thereupon Yoder's mortgage, which theretofore had been a second mortgage, became a first mortgage which he was entitled to foreclose as such.

The statute relied upon is merely declaratory of the old doctrine of merger and is subject to the same exceptions. Of course, if a stranger had become the purchaser of the land, he would have taken it discharged of Robinson's lien; but, when Robinson purchased the land himself for a sum less than his lien, equity kept his lien alive as a protection against junior liens.

The rule, as stated by Mr. Pomeroy (2 Pomeroy's Equity Jurisprudence, sec. 788), is as follows:

"Where the owner of the legal estate, as for example the fee, acquires by purchase or in any other manner, a lesser equitable estate not co-extensive and commensurate with his legal estate, a distinction exists; the merger, although taking place at law, does not necessarily take place in equity; indeed, it may be said that the leaning of equity is then against any merger, and that *prima facie* it does not result. The settled rule in equity is that the intention of the one acquiring the two interests then controls. If this intention has been expressed by taking the transfer to a trustee, or by language inserted in the instrument of transfer, it will, of course, be followed. If the intention has not been thus expressed, it will be sought for and ascertained in all the circumstances of the transaction. If it appears from all these circumstances to be for the benefit of

the party acquiring both interests that a merger shall not take place, but that the equitable or lesser estate shall be kept alive, then his intention that such a result should follow will be presumed, and equity will carry it into execution by preventing a merger, and by treating the equitable or lesser interest as subsisting, and by admitting all the consequences for the protection of the party with respect to other matters, which necessarily result from the fact of the equitable estate being left in existence."

The same rule is briefly stated by Mr. Jones (Jones on Mortgages, sec. 870) as follows:

"Where a first mortgagee purchases under a foreclosure sale, equity will keep his mortgage alive for the purpose of protection against a second mortgagee."

Authorities in point to the same effect are: 27 Cyc. 1377; *Stantons v. Thompson*, 49 N. H. 272; *Watson v. Dundee Mortgage & Trust Co.*, 12 Ore. 474, 8 Pac. 548; *Carpentier v. Brenham*, 40 Cal. 234; *Tolman v. Smith*, 85 Cal. 280, 24 Pac. 743.

There can be no doubt as to the intention of the plaintiff, the first mortgagee, in the case at bar. He made the second mortgagee a party defendant with a view of foreclosing his interest in the mortgaged premises, and that he did not abandon this purpose is made apparent by the issuance of notice for service by publication prior to the rendition of the decree under which the land was sold and thereafter due prosecution of the cause to final judgment and decree.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.