## DARKS v. KANSAS CITY LIFE INS. CO. et al.

No. 27395. Sept. 21, 1937.

Rehearing Denied Nov. 2, 1937.

W. W. Pryor and Hugh M. Sandlin, for plaintiff in error.

Anglin & Stevenson and Vernon Roberts, for defendants in error.

CORN, J. This action was begun in the district court of Hughes county by the Kansas City Life Insurance Company, defendant in error herein, to reforeclose a mortgage against the interest of H. H. Darks, plaintiff in error, who claimed an interest in the property by reason of a second mortgage and a small royalty interest. In the first foreclosure action Darks had not been joined as a party defendant, although the original mortgage was decreed foreclosed, and the land was ordered sold, the plaintiff being the purchaser at his own sale.

The parties will be referred to as they appeared in the trial court.

The pleadings in the case disclose that one Brady and his wife executed a note to the Pioneer Mortgage Company, secured by the mortgage upon this property, which mortgage was assigned to the plaintiff. Sometime later the defendant acquired a note, secured by this second mortgage, executed by Brady and his wife. By his answer and cross-petition the defendant urged that his lien be foreclosed and this plaintiff enjoined from claiming any interest in this property.

The cause was tried to the court and a judgment rendered decreeing that the plaintiff's mortgage should be reforeclosed and giving the defendant six months in which to redeem. From this judgment and the order overruling motion for new trial, the defendant appeals.

In his appeal brief defendant presents all assignments of error under the one proposition: That the trial court erred in overruling defendant's demurrer to the petition, in overruling defendant's objection to any testimony on behalf of the plaintiff, in overruling defendant's demurrer to the evidence and in rendering judgment against the defendant, because the plaintiff's petition did not state a cause of action, and the proof submitted was insufficient to support a cause of action and precluded plaintiffs from any relief by reason of the first foreclosure.

Briefly stated, the only question to be determined in this appeal is whether a party, who forecloses a mortgage and omits necessary parties defendant in such action, can later maintain an action de novo to foreclose the mortgage as against the omitted party. Determination of this one question will settle all points urged by this defendant in asking for reversal.

The law in regard to this matter seems so uniform and settled in this and other jurisdictions that it offers little ground for argument. However, in order to determine the matter clearly, a review of the cases may be had here. The text-writers are all in agreement, and are well supported by authority, that a purchaser at a foreclosure sale may later maintain an action to reforeclose his mortgage against an omitted party. See Bancroft's Code Practice and Remedies, vol. 6, sec. 5161, p. 633. This same author is the authority for the statement, supported by decisions from the Supreme Court of this state, that when a mortgagee purchases at his own sale, he is protected in a like manner as a third person purchasing, and does not lose priority over a junior encumbrancer who is not bound by the decree. See Yoder v. Robinson, 45 Okla. 165, 145 P. 775.

This court has repeatedly held that when an interested party has been omitted in the original case, a mortgage may be reforeclosed as against that person's interest. Horr v. Herrington, 22 Okla. 590, 98 P. 443. The reasoning upon which such holdings are based seems to be that the decree is ineffectual as to the omitted party, and a

sale would give the purchaser an estate, but subject to redemption by the interested party who had not been made a party to the first foreclosure. Such a sale, although it had no effect against the holder of a second mortgage, would be an assignment of all rights of the first mortgagee, whereupon the purchaser would have the right to proceed de novo against the party who had been omitted.

This being the rule as regards a purchaser under a foreclosure, reason makes it proper to apply the same rule to the case where a first mortgagee purchases at his own foreclosure sale. The principle underlying this entire proposition is that equity will keep the first mortgage alive solely for protection against a second mortgage. The first mortgagee did nothing to change his position and is not to be summarily deprived of his rights. As has been said, the instances where equity will, to accomplish the ends of justice, keep a security alive, are numerous and familiar.

It appears to this court that the defendant here is in much the same position as the defendant in the case of Yoder v. Robinson, supra. In that case the plaintiff purchased under a foreclosure judgment by default, the case being continued as to Yoder, the holder of the second mortgage. After the sale Yoder asked to have the action abated on the grounds that the plaintiff had to bring a new action in order to foreclose the second mortgage, and also made the claim, as in the instant case, that after the sale the plaintiff's mortgage became merged with the fee title.

In that case this court decreed the purchaser to have a right to bring an action de novo for foreclosure against the omitted interest. The court said that Yoder's only right was to redeem, and that not having offered to do so, his answer did not state a defense and the judgment barred his right of redemption. In delivering the opinion this court stated the rule as being:

"Where a first mortgagee purchases under a foreclosure sale, equity will keep his mortgage alive for the purpose of protection against a second mortgage."

See, also, Jones on Mortgages (6th Ed.) vol. 1, sec. 870, p. 912.

All jurisdictions hold that foreclosure of a first mortgage, without making the junior mortgagee a party, does not affect the rights of such junior mortgagee, and the purchaser who takes under such foreclosure does so subject to the lien of the junior encum-

brancer, whose right to redeem is unaffected by such foreclosure and sale. This being so generally the rule, there is no sound reason for holding that a first mortgage holder who purchases at his own foreclosure sale is to lose his priority while the rights and remedies of the junior encumbrancer are not in the least disturbed or affected. See Annotation in 73 A. L. R. 612.

Under the authorities cited and on better reasoning, we hold that where a first mortgagee purchased under a foreclosure, his mortgage is kept alive to protect against a second mortgage who was not joined as a defendant in the first foreclosure, and for the reasons stated, judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.