RIVES et al. v. STANFORD, Adm'r.

No. 29658.  Oct. 29, 1940.

*106 P. 2d 1101.*

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for plaintiffs in error.

Anglin & Stevenson and O. S. Huser, all of Holdenville, for defendant in error.

NEFF, J. The administrator of a real estate mortgagee's estate foreclosed the mortgage. It is said that the foreclosed property was the homestead of the mortgagors, husband and wife, in whole or in part, and it is assumed for the purposes of reasoning herein that all of it was homestead. After the filing of the action, and after obtaining service of summons upon the husband and upon the wife, but before the case went to judgment, the husband died. The plaintiff revived the action as against him in the name of his administrator, and thereafter proceeded to judgment. The property was bid in by plaintiff at the sheriff's sale for the full amount of the judgment, approximating $10,000. The sale was confirmed, plaintiff obtained sheriff's deed, the judgment became final, and no portion of the proceedings therein is of interest here except the omission hereinafter related.

That omission consisted of the failure to make the three children of the intestate husband parties to the action upon his death. Two of them were minors. Assuming the land to be homestead, the minors then became necessary parties as a condition precedent to the effective foreclosure of their interests, and the failure to join them resulted in their interests not being foreclosed. Bledsoe v. Green, 138 Okla. 15, 280 P. 301.

So discovering, the plaintiff then filed the present action, against the adult child and the two minor children by their guardian ad litem. This action is to "reforeclose" the mortgage, as the parties term it, as against the interests of said children, who were not parties to the former foreclosure, the idea being to clear plaintiff's title. It resulted in a judgment for plaintiff, adjudicating approximately the same amount as involved in the prior foreclosure action to be a lien against the property, and ordering same sold to satisfy said judgment. The defendants appeal.

The first proposition advanced by defendants is that they were necessary parties to the first cause of action and that the judgment in that case did not foreclose or affect their interests in the property. The plaintiff concedes the correctness thereof (Bledsoe v. Green, supra), and might have added that such was the reason for filing the present action.

The second proposition is that the notes and mortgage sued on and foreclosed in this action had already been merged in the judgment in the former foreclosure, which judgment had been paid and satisfied by the sheriff's sale therein for the full amount of said judgment; that therefore the judgment

herein is contrary to the evidence and the law.

Under this proposition the defendants start off with the admission of the general rule that equity will afford relief in such situations where necessary parties have been omitted in the first foreclosure action, but they contend for certain exceptions which will be considered later. The gist of this opinion being the general rule, it is better that we first discuss that rule, in order that the exceptions claimed by the defendants may then be more clearly considered.

The principle involved is the same whether the omitted party be the owner of a fee interest or equitable interest, such as a second mortgage. Our decision in Darks v. Kansas City Life Insurance Co., 181 Okla. 165, 72 P. 2d 810, states the general rule:

"When the holder of a first mortgage on real estate forecloses his mortgage and becomes the purchaser at his own foreclosure sale, but inadvertently fails to join the holder of a second mortgage as a party defendant, equity will keep the first mortgage holder's mortgage alive against the holder of the second mortgage, and the senior mortgagee will be entitled to an action de novo to reforeclose his mortgage as to the omitted parties."

See the opinion therein for a full treatment of the question, and also the following: Jones on Mortgages (6th Ed.) vol. 1, § 870, p. 912, and vol. 2, par. 1679, p. 636; Bancroft's Code Practice and Remedies, vol. 6, § 5161, p. 633; Yoder v. Robinson, 45 Okla. 165, 145 P. 775.

In Stough v. Badger Lumber Co., 70 Kan. 713, 79 P. 737, a mortgage was foreclosed without the grantee of the mortgagor having been joined as a party defendant. A sheriff's sale of the property was then had. It was held that the purchaser acquired assignment of the liens sought to be foreclosed, by operation of equity principles, and that the right to complete the foreclosure as against the mortgagor's grantee inured to the purchaser in a proceeding de novo.

We have already referred to the decision of this court in the Darks Case, supra, as containing an explanation of the principles and reasons underlying the rule herein involved. The basis of that rule will further appear in considering the defendants' claim of exceptions thereto, to which we now proceed.

One of the contentions by defendants is that the plaintff could not maintain this action without first vacating the judgment in the prior action; that the notes were canceled in the judgment, and that the full amount of the judgment was satisfied by the former sale, and that therefore plaintiff's right to foreclose the interests of defendants now falls for lack of a supporting money judgment. This argument is, however, more of theory and technic than of substance. Neither in the prior action nor in the present action was the plaintiff entitled to any personal money judgment against the defendants, since they did not execute the note or assume any indebtedness. If they had been parties to the prior action, they would have been in no better or worse position than they are in the present action. There is nothing that they could have done in that action, to redeem the property, that they may not still do. They are not faced with two judgments, as they contend. They are not confronted with any valid personal judgment at all; they have the same right of redemption, in a slightly less amount, that they would have had in the former action. Not in any substantial manner have their rights been abrogated or their position worsened.

In Horr v. Herrington, 22 Okla. 590, 98 P. 443, we approved, and in Johns v. Wilson, 180 U. S. 440, 45 L. Ed. 613, 21 Sup. Ct. 445, the Supreme Court of the United States approved, apropos of a like situation, the following statement from volume 2 of Jones on Mortgages (6th Ed.) par. 1679, p. 636:

"He may, by a supplemental bill, bring in all persons interested in the premises whose rights are not already foreclosed; or, if necessary, he may have the sale set aside and obtain a resale of the premises; or the court may give such other relief as justice demands. Although a *new* action is the proper remedy for a foreclosure imperfect through failure to make all persons interested in the equity of redemption parties to the suit, the courts have allowed the original suit to be reinstated upon an amended petition, even after an interval of several years."

The defendants also assert that the general rule should not apply when the full amount of the judgment was bid at the first sale by the mortgagee. This contention is well answered by the cases collected in an exhaustive annotation at 73 A.L.R. 630 and 633, from which we quote in part:

"The purchaser of property at a foreclosure sale for the *full amount due* on the foreclosure, when for any reason the foreclosure proceedings are imperfect or irregular, becomes subrogated to all the rights of the mortgagee in and to such mortgage and the indebtedness that it secured, and becomes thereby virtually an equitable assignee of such mortgage and of the debt that it secured, with all the rights of the original mortgagee, provided the purchase money is applied to the satisfaction of the mortgage debt. * * * When, for any reason, foreclosure proceedings are imperfect or irregular, the purchaser at the sale becomes virtually an equitable assignee of the mortgage foreclosed and of the debt it secures, with all the rights of the original mortgagee, and becomes entitled to an action de novo for the foreclosure of such mortgage against all parties holding junior encumbrances *or the legal title,* who have been omitted as parties to such original foreclosure proceedings under which he bought."

Numerous cases from many states and from the Supreme Court of the United States are cited supporting the above statements.

The defendants also point to certain authorities holding that the general rule is applicable only in cases where the mortgagee is not chargeable with fault or negligence in omitting the party not bound by the first proceedings. In other words, stating the proposition conversely, that if plaintiff herein was guilty of negligence in failing to make defendants parties to the first action, the rule should not apply, thus leaving defendants with the same interest in the property as if no mortgage had ever been made.

While there is some authority to that effect, we fail to perceive a sufficiently logical or reasonable basis for it, at least unless said negligence has, through operation of time or conveyances or other circumstances, inured to the detriment of the parties omitted from the first action. It is alleged in the present action that the failure to make defendants a party to the first action was through inadvertence and mistake. Whether this was a mistake of fact or of law is not made clear. We do not apprehend that it would make any particular difference, so long as the defendants were not thereby prejudiced. As stated hereinbefore, they are in no worse position than they would have been in the first action. For that matter, when the second action is filed within a short while after the termination of the first action, as in this case, it is for all practical purposes, and in real substance, the same as if the judgment in the first action had been vacated, and a fresh start taken, and we believe that argument to the contrary is somewhat technical. The truth of the situation is, and the cases so hold, that, whether the completion of the foreclosure is accomplished by first vacating the former judgment or by proceeding in a new action, the plaintiff's right is nevertheless to foreclose his mortgage effectually, and that parties omitted from the first action, whose rights or liabilities have never been adjudicated, have no good reason to object to a determination thereof. We believe that such reasoning is acceptable and that unless defendants have been in-

jured in some manner by plaintiff's negligence they are in no position to complain.

The journal entry is somewhat ambiguous in respect to whether it purports to render personal judgment and costs against the defendants. A personal money judgment which would make a deficiency judgment possible would not be proper. It is directed that the costs of the trial, but not of this appeal, be charged to the plaintiff.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.