DOUGLASS et al. v. HANAWALT.

No. 31666. Jan. 15, 1946.

*165 P. 2d 333.*

E. F. Maley, of Okmulgee, for plaintiffs in error.

F. R. Blosser and J. Scott Vincent,

both of Cheyenne, for defendant in error.

WELCH, J. The plaintiffs in error were defendants below. We shall refer to the parties as plaintiff and defendants as they appeared in the trial court.

Plaintiff's petition alleged: That plaintiff is the owner of the land described; that in 1921 the then owners of the land mortgaged same to secure a debt of $1,200; that in 1940 the owner of the mortgage foreclosed same and became the purchaser of the land at sheriff's sale; that such purchaser then conveyed by warranty deed to one Pritchett, and that in April, 1942, Pritchett by warranty deed conveyed the same to plaintiff.

It is further alleged as follows:

"Plaintiff further alleges and states that on or about May 15, 1930, J. Luther Taylor and Ethel C. Taylor, his wife, who were then and there the owners of said real estate hereinbefore described, conveyed an undivided one-fourth interest in and to all of the oil gas and other minerals in and under and that may be produced from said real estate to O. H. Douglass and M. S. Douglass, which said mineral deed is recorded in Book 42 of Deeds at page 453 in the Office of the County Clerk of Roger Mills County, Oklahoma; and that said mineral interest thereby conveyed to the said O. H. Douglass and M. S. Douglass was and is subject to, junior and inferior to the lien of said real estate mortgage mentioned and described in paragraph 2 of this petition; but that said mortgage foreclosure proceedings, and the title of said Frank M. Gibson under said sheriff's deed, and consequently the title of this plaintiff in and to said lands is defective in that the said O. H. Douglass and M. S. Douglass, the grantees mentioned in said mineral deed, were, by inadvertence and mistake, not made parties defendant in said foreclosure proceedings; and consequently the title and interest in and to said lands acquired by said mineral deed was not divested by said foreclosure proceeding.

"Plaintiff further alleges that the said O. H. Douglass is now deceased, and that one Telee Douglass is the duly appointed, qualified and acting administratrix of the estate of the said O. H. Douglass, deceased, in the County Court of Okmulgee County, Oklahoma. Plaintiff alleges that with respect to the defendants, Telee Douglass, Administratrix of the estate of O. H. Douglass, deceased, and M. S. Douglass, this plaintiff occupies the position of a mortgagee in possession and is in law subrogated to all the rights and remedies of the original mortgagees and his assignee, Frank M. Gibson. That the total amount now due upon said mortgage insofar as the said defendants are concerned is the sum of $2,295.50; and that this plaintiff is entitled, in equity, to a decree of this court requiring the said defendants, Telee Douglass, Administratrix of the Estate of O. H. Douglass, Deceased, and M. S. Douglass, to redeem from this plaintiff, by paying to plaintiff the total amount due on said note and mortgage, or the sum of $2,295.50, within a reasonable time from this date; or upon their failure to so redeem, that they be forever barred and enjoined from claiming or asserting any right, title, interest, or estate in or to said premises; and that said mineral deed be cancelled, set aside, and held for naught."

Defendants' demurrer to the petition was overruled and that action is urged herein as one of defendants' grounds of asserted error.

In that connection they say:

"Upon the rendition and entry of decree of foreclosure, provisions of the mortgage become merged in the judgment, following which terms of the decree govern rights of parties."

In argument thereunder they urge that plaintiff had an adequate remedy at law by suit against his warrantor of title, and that therefore equity will not afford relief, citing Plains Petroleum Corp. v. Fine, 174 Okla. 570, 51 P. 2d 284. The petition does not, on its face, disclose such to be the case.

There is nothing to indicate therefrom that full and complete relief from his alleged difficulties could thereby be obtained by plaintiff. The cited case is not similar in facts to the present case,

and no other authorities are given to sustain their contentions.

They cite and discuss Rives et al. v. Stanford, 188 Okla. 108, 106 P. 2d 1101, and Darks v. Kansas City Life Ins. Co., 181 Okla. 165; 72 P. 2d 810, which hold that where the mortgagee is the purchaser at the foreclosure sale he may resort to an action as in equity as against a party unintentionally omitted from the foreclosure proceedings. They urge that such right does not extend to subsequent purchasers from the purchaser at the sheriff's sale. They cite no authorities to that effect.

Plaintiff cites Gillett v. Romig, 17 Okla. 324, 87 P. 325, and other authorities to the effect that, when equity requires, the remote grantee of a purchaser at foreclosure sale will be subrogated to the rights of the mortgage holder.

We are of the opinion that in view of such rule the petition in the instant case is sufficient as against general demurrer. The defendants filed the following answer:

"That these defendants, and each of them, deny every material allegation contained in the petition of the plaintiff, except such allegations as herein specifically admitted:

"That these defendants admit that they are the owners of and claim an interest in the lands involved in this action, and as described in the petition of the plaintiff; that the interest of these defendants is represented by a certain Mineral Deed executed by J. Luther Taylor and Ethel C. Taylor, his wife, as grantors, to M. S. Douglass and O. H. Douglass, as grantees, conveying to said grantees and undivided ¼th interest in minerals in and under the lands involved in this action, and which said mineral deed is recorded in Book 42 at Page 453, of the office of County Clerk of Roger Mills County, Oklahoma, and which said deed is made a part of and parcel of this petition; that said mineral deed was recorded on the 21st day of June, 1930, and was notice of such interest to all subsequent purchasers of said lands of said interest;

"That the said O. H. Douglass, since the execution of said deed, died in Okmulgee County, and that this defendant, Telee Douglass, was duly appointed Executrix of the Estate of O. H. Douglass, Dec'd., and is the proper party to represent the interest of all heirs in and to said lands;

"That these defendants are the present owners of said undivided ¼th interest in minerals in and under said lands and that their said interest therein has never been disposed of or foreclosed by any judicial proceedings;

"Further answering, these defendants state that at the time the said grantors of said deed conveying said interest to these defendants aforesaid, were the owners of said lands and had full right and authority to sell and convey the said interest in minerals and for a valuable consideration did sell and convey the same to the defendants herein, and by virtue thereof the said defendants are the owners of said undivided ¼th interest in minerals, and have been in possession of said interest since the date of said conveyance, and that no person has obtained any rights thereto adversely to that of these defendants;

"That said defendants, further answering, state that any foreclosure proceedings relative to and involving the lands described herein in this action, did not defeat the interest of these defendants for the reason that said defendants or O. H. Douglass, during his lifetime, were not parties to such proceedings; that the judgment rendered in said action so referred to in plaintiff's petition has long since become final and binding upon this plaintiff; that the plaintiff is estopped from claiming or asserting any irregularity or mistake pertaining to such proceedings that the plaintiff herein was not a party thereto and had no interest in said lands at the time same were foreclosed and cannot now complain because certain persons interested in said lands were not parties thereto; that the plaintiff herein, purchased said lands, or obtained the same with full knowledge of the fact that the interests of these defendants were outstanding against such lands, and that these defendants owned said undivided ¼th interest in minerals therein and thereto;

"Further answering, defendants state

that they specifically deny that the plaintiff herein occupies the position of a mortgagee as alleged in his petition; that the principle of subrogation does not exist in this proceeding and that the plaintiff cannot legally assert the same for the reason that no contractual obligations exist in favor of the plaintiff from the said Frank M. Gibson, the holder of said mortgage at the time same was foreclosed by him; . . ."

The trial court sustained plaintiff's general demurrer to the same and upon defendants' refusal to plead further, rendered judgment in favor of plaintiff. Defendants assert herein that such action in sustaining the demurrer was reversible error.

It is to be observed that this answer contained a general denial. We think there can be no reasonable doubt that such answer puts in issue many points or questions of fact which must be proven before plaintiff is entitled to prevail, such as the plaintiff's title, whether or not defendants were mistakenly omitted from the foreclosure, the amount which would be due under the original debt and mortgage which would be superior to defendants' interest, and the facts as relate to the plea of estoppel. The above issues which we have enumerated as obvious are not to be considered in a future trial of this case as the only issues which may be in the case under the above pleadings or which may subsequently appear.

The well considered case of Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 73 A. L. R. 600, discusses many of the possible issues which may arise in cases of this general nature and it is axiomatic that a party omitted from foreclosure proceedings must, in the new action, be accorded every right which he would have enjoyed had he been a party to such proceedings, and the nature of the judgment to be rendered must fully attain that end.

There was reversible error in sustaining the demurrer to the answer.

Reversed.