STATE ex rel. COM'RS OF LAND
OFFICE v. LOOSE et al.

No. 33922. Jan. 30, 1951.

*227 P. 2d 402.*

T. J. Lee and R. H. Dunn, Oklahoma City, for plaintiff in error.

Jones & Wesner, Cordell, for defendants in error.

WELCH, J. The State of Oklahoma on relation of the Commissioners of the Land Office commenced this action against E. H. Loose, Mrs. E. H. Loose, Leona Jack, and H. M. Jack for the foreclosure of a real estate mortgage.

In petition filed by the plaintiff it is alleged that plaintfif held a mortgage on a certain tract of land; that the defendants obtained an undivided 1/8th mineral interest in the said land from the mortgagors and subsequent to the execution of the mortgage; that the plaintiff in a former action obtained judgment for foreclosure of the mortgage as against the mortgagors and others, but through inadvertence on the part of the plaintiff the defendants herein were not made parties in said former action; that plaintiff purchased the land at the foreclosure sale held pursuant to the aforementioned judgment and for an amount less than the amount of the judgment on the indebtedness secured by the mortgage. The prayer in the petition is for the foreclosure of the said mortgage as against the said defendants, the owners of the mineral interests. The petition, in exhibit attached thereto, reflects that plaintiff has entered into contract of sale and has executed its certificate of purchase of the surface of said land to a person not a party to this action.

The defendants each filed demurrer to the plaintiff's petition wherein it was stated that said petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendants, and that said petition shows on its face that "plaintiff has disposed of the property involved in said action, or a major portion thereof, and that ,by reason thereof these defendants are denied the right of redemption which they would have had in the original action if made parties thereto; that defendants' rights have been substantially abrogated since the original foreclosure by plaintiff selling the property involved, all through no fault of these defendants; and that by plaintiff selling said property the positions of the parties have materially changed and plaintiff is now barred from a re-foreclosure as against these defendants."

The trial court sustained the demurrers to plaintiff's petition, and on plaintiff's election to stand on its petition, judgment was entered for dismissal of ,the action. The plaintiff appeals and asserts the trial court erred in sustaining the demurrers.

It has been repeatedly held in this jurisdiction that a party who forecloses a mortgage and inadvertently omits necessary parties in such action may later maintain a new action to foreclose the mortgage as against the omitted parties. Horr v. Herrington, 22 Okla. 590, 98 P. 443; Darks v. Kansas City Life Insurance Co., 181 Okla. 165, 72 P. 2d 810, and Rives v. Stanford, 188 Okla. 108, 106 P. 2d 1101.

In the Rives case, in the syllabus, it is said:

"As a general rule, when a mortgagee forecloses and becomes the purchaser at the foreclosure sale, but fails to join the holder of an interest in the premises as a party defendant, it does not foreclose such interest; but equity will keep the mortgage alive against the omitted party's interest, and the mortgagee will be entitled to an action de novo to foreclose as against said interest."

In application of the foregoing rule to the facts as set forth in the plaintiff's petition, we find a cause of ac-

tion as stated in favor of the plaintiff and against the defendants.

The defendants contend, as is stated in their demurrers, that plaintiff is without right to foreclose as against their interest by the fact that plaintiff has sold the surface of the land it purchased at the foreclosure sale with an effect to substantially abrogate the defendants' right of redemption. It is further asserted that in sale of such surface land plaintiff recognized defendants' rights as owners of mineral interest in the land free of the mortgage lien.

Reference is made to 42 O. S. 1941 §18, which provides:

"Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed."

The basis of the rule in the Rives case, supra, is that decree and foreclosure sale are ineffectual as to an omitted party, holder of an interest in the property involved, and that the lien against the property as affecting his rights is not foreclosed. It follows that any conveyance of interest in the property resting on a purchase at such foreclosure sale is equally ineffectual as to said omitted party and as affecting his right of redemption.

The admission of plaintiff in petition that it has entered into contract of sale of the surface of the property does not ipso facto bar its action for foreclosure against the defendants or necessarily preclude an action for foreclosure against the defendants and consideration of such fact in connection with a proposed defense to such action under principles of equity merits no discussion herein.

The judgment is reversed, with direction that the demurrers be overruled.

ARNOLD, C. J., and CORN, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., concurs in result. LUTTRELL, V. C. J., and GIBSON and DAVISON, JJ., dissent.